UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KEVIN CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-057-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| LISA FARMER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Kevin Campbell is a pretrial detainee being held at the Fayette County Detention Center (FCDC) in Lexington, Kentucky. Proceeding without a lawyer, Campbell has filed a civil rights Complaint. [Record No. 1] Campbell names two defendants (FCDC Director Lisa Farmer and Sergeant Jeremy Abney) and he indicates that he is seeking money damages against each defendant in their individual and official capacities. [*See id.*] Campbell's Complaint is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Following review, the Court will dismiss Campbell's claims against Sergeant Abney. While Campbell briefly mentions "Abney's write ups," his allegations are otherwise vague and difficult to follow. [*See* Record No. 1.] And he certainly does not explain in any understandable way what Sergeant Abney did (or failed to do) to cause him harm, as required to state a claim against this defendant in his individual capacity. Campbell also does not clearly link his brief allegations against Sergeant Abney to any county policy or custom, as required to state an official-capacity claim. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008). As a result, Campbell has failed to state a claim against Sergeant Abney in either his individual or official capacity.

Next, Campbell's claims against Director Farmer in her individual capacity also will be dismissed. Campbell does not allege, with any specificity, what Director Farmer did (or failed to do) to cause him harm. Moreover, to the extent that Campbell suggests that Director Farmer is individually liable merely because she is a supervisor at the FCDC, the United States Court of Appeals for the Sixth Circuit has made it clear that, in a civil rights case, "liability must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, Campbell has failed to state a claim against Director Farmer in her individual capacity.

The Court will allow Campbell to proceed on his claims against Director Farmer in her official capacity, which the Court construes as claims against Fayette County, Kentucky. *See Lambert*, 517 F.3d at 439-40 (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)). Campbell cites *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1970), and his Complaint can be broadly construed as alleging that there are county policies or customs regarding how the FCDC is handling the COVID-19 pandemic that run afoul of his constitutional rights. [*See* Record No. 1 at 3, 6.]

Finally, because the Court previously granted Campbell pauper status, it will direct the Clerk's Office and the United States Marshals Service ("USMS") to serve Fayette County, Kentucky, with a Summons and copy of the Complaint on his behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** as follows:

1.     Campbell's claims against Sergeant Abney in his individual and official capacities are **DISMISSED** with prejudice. The Clerk's Office shall **TERMINATE** Sergeant Abney as a defendant in this action.

2. Campbell's claims against Director Farmer in her individual capacity are **DISMISSED** with prejudice.

3. Campbell's claims against Director Farmer in her official capacity are **CONSTRUED** as claims against Fayette County, Kentucky. Thus, the Clerk's Office shall **TERMINATE** Director Farmer as a defendant and **SUBSTITUTE** Fayette County, Kentucky, as the sole remaining defendant.

4. The Clerk shall prepare two Service Packets for service upon Fayette County, Kentucky. Each Service Packet shall include:

   a. a completed Summons form;

   b. the Complaint [Record No. 1];

   c. this Order; and

   d. a completed USM Form 285.

5. The Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky, and note the date of delivery in the record.

6. The Clerk shall serve Fayette County, Kentucky, by sending one Service Packet by certified mail, restricted delivery to addressee, return receipt requested, to each of the following:

   Donald W. Blevins, Sr., Fayette County Judge Executive
   162 East Main Street
   Lexington, Kentucky 40507

   Larry S. Roberts, Fayette County Attorney
   201 East Main Street, Suite 600
   Lexington, Kentucky 40507

7. Within 21 days after being served, Defendant Fayette County, Kentucky, must answer or otherwise respond to Campbell's Complaint. *See* Fed. R. Civ. P. 12.

-4-

8.     Finally, Campbell must immediately advise the Clerk's Office of any change in his mailing address. Failure to comply may result in the dismissal of this case.

Dated: March 16, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky